# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Lovell, | No. CV-16-02590-PHX-JJT(MHB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation ("R&R") (Doc. 15) prepared in this matter by Magistrate Judge Michelle H. Burns, which recommends that the Petition for Writ of Habeas Corpus (Doc. 1) in this matter be denied and dismissed with prejudice. Petitioner timely filed his Objections to the R&R, (Doc. 16) and so the Court reviews the R&R on a *de novo* basis. Respondents also filed a Response to Petitioner's Objections, which the Court likewise considers.

Upon that review, the Court finds Judge Burns's R&R well taken in its entirety, and the Court therefore adopts the R&R, including all of its underlying analyses and justifications. Petitioner's Objections are unpersuasive, as they merely restate the identical arguments set forth in his initial Petition. Moreover, Petitioner ignores wholesale the procedural requirements governing this Court's ability to reach the point of a merits review of grounds raised. The Court first finds that Magistrate Judge Burns correctly concluded, upon clearly set-forth analysis, that each of Petitioner's claims are procedurally defaulted. The Arizona Court of Appeals dismissed the petition for review

as untimely pursuant to Rule 32.9(c), Ariz. R. Crim. P., and thereafter the Supreme Court for Arizona denied review summarily, thus affirming the procedural bar which was itself an independent and adequate basis for the dismissal.

The Court also agrees with Judge Burns's conclusion that Petitioner's ineffective assistance of counsel ground as set forth in Claim Two of the Petition is and was not exhausted in the state court, and therefore not cognizable in the instant action. Petitioner argues vehemently in his Objection that he raised the ineffective assistance ground in the state court review process. But his brief ignores the clear difference between the action or omission that he argues constituted ineffective assistance in the state proceeding—that his attorney did not raise a statute of limitations defense at the trial court level—and the act or omission he now argues as ineffective assistance—that his attorney did not provide him a picture of the victim in time for him to properly evaluate the acceptance of a more favorable plea agreement. These are two different arguments, and Petitioner has no answer for that fact or the truism that exhaustion cannot occur when the state court has not had the opportunity to evaluate a charged error and correct it if necessary before a federal court will have jurisdiction to do the same.

Having concluded that Petitioner's claims are procedurally defaulted, this Court will not consider the claims' merits absent a showing of cause and prejudice, or a fundamental miscarriage of justice. The Court finds Petitioner has made no such showing. Finally, even were the Court to reach the merits of Petitioner's limitations claim, he waived that claim in the plea agreement, as Judge Burns correctly concluded after amply setting forth the language of the valid waiver in that document.

For the foregoing reasons,

IT IS ORDERED denying and dismissing with prejudice the Petition for Writ of Habeas Corpus in this matter (Doc. 1).

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal, upon a finding that dismissal of the Petition is

justified by a plain procedural bar, and that jurists of reason would not find the ruling debatable.

IT IS FURTHER ORDERED that the Clerk of Court shall close this matter.

Dated this 6th day of November, 2017.

_____
Honorable John J. Tuchi
United States District Judge